January 28.
JUDGE GREEN
delivered his opinion, in which the other Judges concurred.
The only-ground upon which the appellant can claim relief, is, that the slave which he purchased from the appellee was, at the time of the purchase, affected by a disease which finally proved fatal, but which was not known or suspected by the vendor, at the time of the sale. The charge in the hill, that Shackleford, after the woman was discovered to be diseased, promised to do what was right, is denied by the answer, and not proved Of the two witnesses who speak Upon this subject, in answer to leading questions by the plaintiff, one says, “I most think he did and the other says, “I believe he did.” If, however, sucha promise were made, it would only bind him to do what, in point of law, he was bound to do.
By the civil law, the vendor who sold property at a sound price, was held bound to warrant against all secret defects, whether they were known to him or not ; even if he had made no warranty or representation whatsoever, in respect to the qualities of the property 1 Domat. 80. And this rule has been adopted in Connecticut and North and South Carolina.
But, by the common law of England, which is our law, it has been held uniformly, from the earliest times, that the vendor is not answerable for the quality of the thing sold, unless he either warrants its quality, or makes some false represen1J¡tion in respect to it ; or, knowing of the defect, omits to disclose it; in which case, the suppression of the truth is a fraud. The same doctrine has been held in many of the United States. (See the cases cited in Peake’s Ni. Pri. Cases 115, in the note to Mellish v Matteaux and others, and in Cooper’s Justinian 610, and Dunlop v. Waugh, Peake’s Ni. Pri. Cases 123 )
*If we doubted whether the rule of the civil law or that of the common law were the most just or convenient, we should be bound to adhere to the latter.
The order dissolving the injunction should be affirmed.
WARRANTY.
I. Scope of the Note.
II. In Sales of Personal Property.
A. Definition.
B. Assets Descending from Warranting Ancestor.
G. Implied Warranty of Title.
1. General Rule.
2. Vendor’s Possession.
3. Applies to Exchange of Chatties.
i. Exception to the Rule.
D. Implied Warranty of Quality.
1. General Rule.
2. Exceptions to the Rule.
a. Unascertained Article.
b. Manufacturer’s Warranty.
E. Implied Warranty of Quality from Full Price.
F. Sales by Description.
1. General Rule.
2. Where There Has Been No Inspection.
3. Warranty in Catalogue.
6. Sale by Sample.
H. Sale of Specific Article.
I. Warranty of Money, Banknotes, etc.
K. Sheriff Not a Warrantor.
L. Power of Agents to Make Warranty.
M. Form of Words Necessary to Create Warranty.
N. Breach of Warranty.
1. General Statement.
2. Action against Personal Representatives.
3. Evidence.
i. Proper Action.
5. The Declaration.
a. The Declaration in a Tort Action.
b. Form.
(0 The Breach.
(2) Scienter.
O. The Plea.
7. Instructions of Jury.
8. Measure of Damages.
9. Set-Off.
III. In Policies of Uife Insurance.
A. Definition.
B. Materiality.
C. Construction of Court.
1. General Statement.
2. Misrepresentations.
D. Conflict between Statements in Application
and Proof of Doss.
IV. In Policies of Fire Insurance.
A. Definition and Nature of a Warranty.
B. Materiality.
C. Intention of Parties.
D. As Affected by Statute.
E. Warranty and Representation Distinguished.
F. Descriptive Expression.
G. Kinds of Warranties.
1. Affirmative.
2. Continuing.
3. Construction of Court.
H. Application Made a Part of Policy.
1. General Statement.
2. Contingent Right of Dower.
I. Agent’s Knowledge Imputable to the Principal.
K. Burden of Proof.
I. SCOPE OF THE NOTE.
The term — warranty—has a peculiar significance according to the relation in which it is used; whether in the transfer of real estate, the sale of personal property, or in policies of insurance. This article is confined to a consideration of the law re *14 lating to warranties in sales of personal property and warranties in policies of insurance: the law of warranties in sales of real property is treated in a separate article, see monographic note on "Covenants” appended to Todd v. Summers, 2" Gratt. 167.
II. IN SALES OF PERSONAL PROPERTY.
A. DEFINITION. — A warranty is an express or implied statement of something which a party undertakes shall be a part of a contract, and, though part of the contract, collateral to the express object of it. Benj. Sales, § 600: Bouv. L. Dict. 1214; Chanter v. Hopkins, 4 Mees. & Welsh. 399.
B. ASSETS DESCENDING FROM WARRANTING
ANCESTOR. — Our act, 1 Rev. Code, ch. 99, § 21, p. 368, taken from«the statute of Gloucester, and extended generally to common-law warranties, applies only to cases of real assets descending from the warranting ancestor, and not to personal assets, or assets, whether real or personal, accruing from him by devise or bequest. Worsham v. Hardaway, 5 Gratt. 61.
C. IMPLIED WARRANTY OF TITLE.
1. General Rule. — While a warranty of title should only be implied with regard to sales of personal property when good faith requires it. Byrnside v. Burdett, 15 W. Va. 702. Yet when a sale of chattels is made there is always an implied warranty of good title by the vendor, where the goods are in the vendor’s possession. Byrnside v. Burdett, 15 W. Va. 702; Jarrett v. Goodnow. 39 W. Va. 602. 20 S. E. Rep. 575; Cogar v. Burns Lumber Co., 46 W. Va. 256, 33 S. E. Rep. 219.
2. Vendob’s Possession. — The possession of a vendor of chattels is equivalent to an affirmation of title. And in such case the vendor is to be held to an implied warranty of title, though nothing be said on the subject between the parties. But if the property sold be at the time of sale in the possession of a third person, and there is no affirmation or assertion of ownership, no warranty of title will be implied. If however there be an affirmation of title when the vendor is not in possession, the vendor should be subject to the same liability as if he had the possession at the time. Byrnside v. Burdett, 15 W. Va. 702.
3. Applies to Exchange oe Chattels. — A warranty of title is to be implied from the contract as much in the case of an exchange of horses then in the possession of those making the trade as upon a sale; and this implied warranty is as much a part of the contract as if it had been express. Byrnside v. Burdett, 15 W. Va. 702.
4. Exception to the Rule. — A sale of personal chattels implies an affirmation of the vendor that the chattel is his, and therefore he warrants the title, unless it be shown by the facts and circumstances of the sale that the vendor did not intend to assert ownership, but only to transfer such interest as he might have in the chattel sold. Cogar v. Burns Lumber Co., 46 W. Va. 256, 33 S. E. Rep. 219.
D. IMPLIED WARRANTY OF QUALITY.
1. General Rule. — It is the well-established rule of law that upon the sale of personal property there is no implied warranty as to the quality and the maxim caveat emptor applies in the absence of fraud or express warranty. Gerst v. Jones, 32 Gratt. 518, 34 Am. Rep. 773; Mason v. Chappell, 15 Gratt. 572; Wilson v. Shackleford, 4 Rand. 5; Jarrett v. Goodnow, 39 W. Va. 602, 20 S. E. Rep. 575.
In the hiring of a slave even an express warranty of fitness or suitableness, though it might be understood to cover essential or mental defects, would not extend to the absence of moral qualities, or of experience in the particular business,' unless; specified. Howell v. Cowles, 6 Gratt. 393.
2. Exceptions to the Rule.
а. Unascertained Article. — If an order is given for an undescribed, unascertained thing, stated to be for a particular purpose, the vendor will be held liable unless it answers, in a reasonable degree the purpose for which it was purchased. Mason v. Chappell, 15 Gratt. 572; Gerst v. Jones, 32 Gratt. 518, 34 Am. Rep. 773; Hood v. Bloch, 29 W. Va. 244, 11 S. E. Rep. 910.
For where there is warranty, either express or implied neither the ignorance of the seller nor the exercise of care and diligence can exempt him from liability if the goods do not answer the purposes for which they were sold. Gerst v. Jones, 32 Gratt. 518, 34 Am. Rep. 773.
б. Manufacturer's Warranty. — While it is, an established rule of law that upon the sale of personal property there is no implied warranty as to its quality, and that the maxim caveat emptor applies in the absence of fraud or express warranty, yet there are several well-recognized modifications of this rule; and one of them is, that where, on an executory contract of sale, goods are ordered for a particular purpose known to the seller, he impliedly undertakes that they shall be reasonably fit for the purposes for which they are ordered, and especially is this so if the seller is also the manufacturer of the goods ordered. Gerst v. Jones, 32 Gratt. 518; Hood v. Bloch, 29 W. Va. 244, 11 S. E. Rep. 910.
For Example. — J. & Co. were manufacturers of tobacco, and G. a manufacturer of boxes for pressing tobacco in. G. agreed to furnish J. & Co., during the season of 1870, as many boxes as the latter would use in their business, at the rate of sixty-five cents per box, and under this agreement did furnish said boxes in which J. & Co. pressed their tobacco, and shipped a large quantity. Much of that shipped, and some which remained in the factory in the said boxes moulded, in consequence of the use of green and otherwise unfit timber in the manufacture of the boxes, and J. & Co.’s damages, arising from the moulded tobacco, thus caused, amounted to nine cents per pound of the tobacco contained in said boxes. On a suit brought by J. & Co. against G. to recover these damages. Held, that G. was liable for the same. Gerst v. Jones, 32 Gratt. 518.
E. IMPLIED WARRANTY OF QUALITY FROM FULL PRICE. — It is well-settled law. in this state, that in a sale of personal chattels a full price does not import a warranty as to quality. Mason v. Chappell, 15 Gratt. 572: Wilson v. Shackleford, 4 Rand. 5.
F. SALES BY DESCRIPTION.
1. Genebal Rule. — The general rule seems to be that in a sale of goods by description, where the buyer has not inspected them, there is, in addition to the condition precedent that the goods shall answer the description, an implied warranty that they shali be saleable or merchantable. Milburn, etc., Co. v. Nisewarner, 90 Va. 714. 19 S. E. Rep. 846; Hood v. Bloch, 29 W. Va. 244, 11 S. E. Rep. 910. See Hood v. Bloch, 29 W. Va. 244, 11 S. E. Rep. 910, distinguishing Mason v. Chappell, 15 Gratt. 572; Gerst v. Jones, 32 Gratt. 518; Proctor v. Spratley. 78 Va. 254.
2. Whebe Thebe Has Been No Inspection. — The maxim, caveat emptor, does not apply to a sale of goods where the buyer has no opportunity for inspection. Hood v. Bloch, 29 W. Va. 244, 11 S. E. Rep. 910; Gerst v. Jones, 32 Gratt. 518.
In cases like this, the question is not whether the purchaser has had an opportunity of examining the article, but whether he has in fact examined it, and whether the defect is one readily discoverable upon inspection. He is not bound to examine at all. for he has the right to rely upon the judgment of the seller, and to take for granted that the latter *15 lias furnished an article answering the terms of his contract. Gerst v. Jones, 32 Gratt. 518.
3. WARRANTY in CATALOGUE. — Defendant ordered wagons of plaintiff upon the latter’s "blank form, upon which was indorsed a warranty agreement to replace or pay for broken parts under certain conditions, if said parts were sent to the factory as evidence. The catalogue of the plaintiff, upon which the defendant also relied in purchasing, contained a warranty as to the material and workmanship. One lot of wagons was "bought upon the representation in the catalogue alone. The wagons were made of defective material, and repairs for some parts were sent for, but never came, and one wheel was sent but never heard from. Held, that defendant was entitled to damages under the warranty in the catalogue, on protection at the factory of the broken or defective parts, although the parts were not sent to the factory. Milburn Wagon Co. v. Nisewarner, 90 Va. 714, 19 S. E. Rep. 846.
G. SALE BY SAMPLE. — Unless parties deal with the sample with the mutual understanding that the bulk is like sample, the sale is not by the sample, and otherwise there can be no warranty implied, and the maxim caveat emptor applies. Proctor v. Spratley, 78 Va. 254.
H. SALE OP SPECIFIC ARTICLE. — -Where a specific article is ordered and furnished, the law is well settled that, although the purchaser states the purpose to which he intends to apply it, there is no implied warranty on the part of the vendor that it is suitable for the purpose; and he will not, in the absence of fraud or an express warranty, be held liable however unlit and defective it may be. Mason v. Chappell, 15 Gratt. 572; Gerst v. Jones, 32 Gratt. 518, 34 Am. Rep. 773.
I. WARRANTY OF MONEY, BANKNOTES, ETC.
—Baldwin, J.,
delivered the opinion of the court. The court is of opinion that there is no implied warranty of the value of current money of the country, passing from hand to hand, in the course of trade, commerce and other business. This is true, not only of the money made by a law a good tender in the payment of debts and performance of contracts, but is equally so in regard to the notes of banks and bankers, payable to bearer, and circulated by delivery. Edmunds v. Diggs. 1 Gratt. 361.
There is but a single guarantee which those who circulated the money of that, or any other kind, can be understood to give, to wit, that it is what it purports to be, genuine and not counterfeit. Beyond that, in the absence of express warranty, or fraudulent misrepresentations or concealment, the receiver takes it at his own risk. There is no implied warranty, whether of title or value, in the circulation of banknotes, any more than of other money. The title to them can never be questioned in the hands of a bona fide holder; and on his part he takes them as money, for whatever they may be worth. Edmunds v. 1 Diggs, Gratt. 361; Lyons v. Miller, 6 Gratt. 440.
The persons transferring impliedly undertakes that the instrument is genuine, in other words that it is what it purports to be; and if it turns out to be a forgery, there is a failure of the consideration, which subjects him to the repayment of the money he has received. Nor is it material whether the person making the transfer, receives the consideration for his own use, or for the use of another; unless he is acting as an agent, and discloses not only his agency, but the name of the principal for whom he is acting; in which case he is not a party to the contract, the contract being made with his principal through his agent. Lyons v. Miller, 6 Gratt. 440.
K. SHERIFF NOT A WARRANTOR. — Under Rev. Code, vol. 2, p. 160, when the sheriff has received a bond of idemnity he is bound to sell the property taken in execution, whether it belongs to the debtor or not, hence it cannot be held that the sheriff impliedly warranted the title of the property in question. Stone v. Pointer, 5 Muni. 287. A sheriff selling' under execution, with good faith, incurs no responsibility as to title there being no implied warranty, raised by law, under such a sale, the rule caveat emptor applies to such a case. Saunders v. Pate, 4 Rand. 8.
L. POWER OF AGENTS TO MAKE WARRANTY. —A general agent to sell personal property is presumed to have power to make such warranties with reference to the property as are usual and customary in like sales in that locality. Tt is competent for the party relying upon such warranty to prove as a usage of trade what warranties are usually demanded by the buyer and given by the agents of the seller in affecting sale of similar articles in that locality. A restriction upon the power of the agent to make the usual warranties in effecting like sales, of which the buyer has no notice or knowledge, is not binding on him. If there be evidence tending to prove what warranties are usually given by agents in effecting like sales, it is for the jury to determine whether, in the particular case, the agent was clothed with the requisite authority. Reese v. Bates, 94 Va. 321, 26 S. E. Rep. 865.
A general agent to sell is authorized to do whatever is usual in the market to carry out the object of his agency. But it is for the jury to determine upon the evidence what is usual. It is not necessary for the principal to have notice ol the course of business. If such agent, in accordance with the usage of trade of the place of sale, gives a warranty of the quality of the goods sold, which is not in itself unjust to his principal, the latter will be bound by it, although ignorant of such usage. Reese v. Bates, 94 Va. 321, 26 S. E. Rep. 865.
M. FORM OF WORDS NECESSARY TO CREATE WARRANTY. — No special form of words is necessary to create a warranty. A representation made by a vendor either at the time when the bargain is concluded, or, if it be a verbal sale, during the course of dealings, which led to the bargain, will or will not be held to be a warranty according to the intention of the parties, to be gathered, with an exception presently stated in case of ambiguity, from the written contract, if the terms of sale be reduced to writing, and if not in writing from the conversation of the parties at the time of or proceeding the contract and during the negotiation and from all the surrounding circumstances. To make such representation a warranty it is not sufficient that it appears to have been an inducement to the buyer, but it must appear, that it entered into the contract of sale, when it was concluded, and was intended by the vendor as a warranty and so understood by the vendee. If this does not appear, it will not be held to be a warranty, and the vendor may or may not be responsible for such representation, if it turn out to be false. If there be a warranty either express or implied, the vendor is always responsible on his contract, if the warranty be broken. But if the untrue representation be not an implied warranty, the responsibility therefor of the vendor will depend on a variety of circumstances, as we have seen. Crislip v. Cain, 19 W. Va. 438, 479.
“It is enough, if the words used import an engagement on the part of the vendor that the article is what he represents it to be. Any distinct affirmation of quality, made by the vendors at the time of the sale, not as an expression of opinion or belief, but as an assurance to the purchaser of the truth of the fact affirmed, and an inducement to him to make the purchase, is, if accordingly received and *16 relied on and acted upon by the purchaser, an express warranty.” (Mason v. Chappell, 15 Gratt. 572-3). “The general rule is, that whatever a person represents at the time of a sale is a warranty.” Herron v. Dibrell, 87 Ga. 289, 12 S. E. Rep. 674.
An affirmation of quality by the seller of goods at the time of the sale, intended as an assurance of fact and relied on by the buyer, constitutes a warranty. No particular form of words is necessary to constitute a warranty. If the seller assumes to assert a fact, of which the buyer is ignorant, or makes a representation of quality which the buyer relies on as a warranty and is thereby induced to make the purchase, the seller is bound by it as a warranty, whether he so intended it pr not. Reese v. Bates, 94 Va. 321, 26 S. E. Rep. 865.
N. BREACH OE WARRANTY.
1. General Statement. — Where goods delivered to the buyer are inferior in quality to what .was warranted by seller, the buyer may sue at once for the breach of the warranty without returning the goods or giving any notice to seller. Eastern Ice Co. v. King, 86 Va. 97, 9 S. E. Rep. 506.
2. Action against Personal Representatives. —An action on the case for fraud in selling to the plaintiff an unsound slave, which he was induced to purchase by means of a false and frauduient warranty of soundness: or by means of a fraudulent concealment of the unsoundness of the slave cannot be maintained against the personal representative of the vendor. And thought here isa judgment in favor of the plaintiff, the error will not be cured by the stutute of jeofails. Judgment should be rendered in favor of the defendant non obstante leredict. Boyles v. Overby, 11 Gratt. 202, and note.
3. Evidence —While the alleoata andprofiaia must always agree it is well settled that under a count in a declaration alleging a warranty, the plaintiff may prove an express or implied warranty, the legal effect of the two being the same. Gerst v. Jones, 32 Gratt. 518.
Upon proof of a warranty that a fertilizer is as good as any other article of like character and price offered upon the same market, a breach of the warranty may be established by proof that when applied in like quantities to the same crop, during the same season, upon the same land, receiving the same cultivation, results were obtained from the warranted fertilizer inferior to those obtained from other fertilizers offered upon the same market at the same price. Reese v. Bates, 94 Va. 322, 26 S. E. Rep. 865.
The jury is justifiable In finding that tobacco was warranted by seller by evidence that seller represented to buyer that “it was sound” and “redried,” and “would certainly keep.” Herron v. Dibrell, 87 Va. 289, 12 S. E. Rep. 674.
4. Proper Action. — When the vendee of personal property, takes from the vendor a warranty of soundness, and gets possession of the property under his purchase, if he becomes satisfied that the property was unsound at the time of the sale, he has a right to pursue one of two courses; either to keep the property and sue the vendor on the covenant, or to return the property in a reasonable time and sue for the purchase money. In the first case, if the vendee keeps the property, and recovers from the vendor the difference between the value of the property sound, as warranted to be, and unsound as it was, at the time of sale, he will have all he is entitled to. In the other case, if the vendor takes back the property, then the contract is rescinded, and if he pays to the vendee the purchase money, there being no question as to expenses for keeping, etc., then the parties are placed in "statu uuo." Graham v. Bardin, 1 Pat. & H. 206, and note.
The action of trespass on the case, is a proper remedy for the breach of an express warranty of soundness of a slave, or other personal chattel sold, as much so as to the action of assumpsit, with which it is a concurren t remedy, and the party aggrieved may elect between them. In both forms of action, the gravaman is the breach of the warranty, which in the former is treated as a tort, with the appropriate language in declaring for a tort. Trice v. Cockran, 8 Gratt. 442, and note. See monographic note on “The Action of Covenant” appended to Lee v. Cooke, 1 Wash. 306.
5. The declaration.
a. The Declaration a Tort in,Action.— In an action on a warranty of title toa chattel, it is sufficient proof of the warranty, that the vendor affirmed it to be his, and the action lies on such affirmation, yet if the plaintiff does not choose to resort to the appropriate remedy for breach of contract, but sues as for a tort, his count must conform to the nature of the action. Here, the first count is in case for a deceit; the second is certainly not in assumpsit, but in case on the warranty, and in that, view is defective. It should have charged, that the defendant by falsely and fraudulently warranting the slave to be his absolute property, sold him to the plaintiff. The wrong consists in the false warranty; which there'fore, is of the very essence of the charge. Brown v. Shields, 6 Leigh 446, and note.

b. Form.

(1) The Brpach. — The law attaches no warranty of fitness, or suitableness, or even soundness, to the hiring of a slave. There may be an express warranty of soundness or qualities, and there may be cases in which an implied warranty arises from circumstances; but in either case the warranty must be stated, and the breach of it alleged in the pleading. Howell v. Cowles, 6 Gratt. 393.
(2) Scienter. — But a scienter or knowledge of the defendant of unsoundness is immaterial, and need not be alleged in the declaration, nor if alleged need it be proved. Trice v. Cockran, 8 Gratt. 450, and note: Gerst v. Jones, 32 Gratt. 518, 84 Am. Rep. 773.
6. The Plea. — In an action of debt upon a bond, defendant pleads that the bond was given for the price of goods which he bought of plaintiff, who represented that they were sound and marketable, when in fact they were unsound and damaged, and by means thereof unsaleable; but the plea does not aver a warranty of the quality of the goods; or that the plaintiff knew that the said representations made by him were untrue; or that he used any fraud or art to disguise or conceal their true condition of quality. The plea is defective; and properly rejected when tendered. Cunningham v. Smith, 10 Gratt. 255, 60 Am. Dec. 333, and note.
In an action for the breach of warranty given on a sale of farm wagons, it cannot be contended for the first time on appeal that the wagons were used for other than farm purposes. Milburn Wagon Co. v. Nisewarner, 90 Va. 714, 19 S. E. Rep. 846.
7. Instructions oe Jury. — In an action to recover the price of fertilizers sold, where the defense is a breach of warranty of the quality of the fertilizer, it is not error to instruct the jury that they are to look to the evidence for proof of the warranty and its breach, and, if established, they must find for the defendant “such damages” as have resulted naturally from the breach of said warranty,” "naturally” here means legitimately, and the instructions leaves it t<? the jury to determine from the evidence the amount of such damages. Reese v. Bates, 94 Va. 322, 26 S. E. Rep. 865.
8. Measure oe Damages. — Upon a breach of war *17 ranty of personal property sold, the measure of damages is the difference between the value of the article with the defect warranted against and the value it would have borne without the defect. Thornton v. Thompson, 4 Gratt. 121, and note; Eastern Ice Co. v. King, 86 Va. 97, 9 S. E. Rep. 506.
But in Thornton v. Thompson, 4 Gratt. 121, it is said: The mice at which the article was sold is the proper evidence at that time, if sound and the extent of the warranty. And the rule is the same whether the purchaser offers to return the article or not. See also, Boyles v. Overby, 11 Gratt. 202.
On a warranty of soundness of an animal, it is for the jury to decide what is embraced therein. And on that question, the qualities and uses for which the animal was sold and purchased may be referred to as explaining what was intended to be included in the warranty. Thornton v. Thompson, 4 Gratt. 121, and note.
A vendee of a slave, sold with warranty of soundness, tenders the slave back to the vendor, on discovering that he is unsound. The vendor refuses to receive him, and the vendee brings an action to recover damages for the breach of warranty. Held, he is entitled to recover the damages he has suffered, though he sold the slave, after the tender, at public auction, and received the proceeds to his own use; without having given notice to the vendor of the time and place of sale. Graham v. Bardin, 1 Pat. & H. 206, and note.
9. Set-Off. — For a discussion of the question as to a breach of warranty being relied on by way of set-off to an action to recover the purchase price of the article warranted. See monographic note on "Set-Off, Recoupment and Counterclaim” appended to Anderson v. Bullock, 4 Munf. 442.
III. IN POLICIES OF LIFE INSURANCE.
A. DEFINITION. — A warranty is a stipulation upon the literal truth or fulfilment of which the validity of a contract depends. It is in the nature of a condition precedent, and like that must be strictly complied with, whether material or not. Home Life Ins. Co. v. Sibert, 96 Va. 403, 31 S. E. Rep. 519; Metropolitan Life Ins. Co. v. Rutherford, 98 Va. 195, 35 S. E. Rep. 361. See also, Fire Ins. Co. v. West, 76 Va. 575; Va. F. & M. Ins. Co. v. Morgan, 90 Va. 290, 18 S. E. Rep. 191.
B. MATERIALITY. — Where the answers to questions propounded in an application for insurance are made warranties by the contract of insurance, it is a matter of no consequence whether they were material to the risk or not. Home L. Ins. Co. v. Sibert, 96 Va. 403, 31 S. E. Rep. 519; Schwarzbach v. Ohio, etc., Union. 25 W. Va. 623; Metropolitan L. Ins. Co. v. Rutherford, 98 Va. 195, 35 S. E. Rep. 361. The validity of the policy depends upon the literal truth of such answers. Metropolitan L. Ins. Co. v. Rutherford, 98 Va. 195, 35 S. E. Rep. 361. This removes their materiality from the consideration of the jury; and if any of the answers are false in fact, the policy is thereby forfeited, though they were made in perfect good faith. (P. 652.) Schwarzbach v. Ohio, etc., Union, 25 W. Va. 623.
C. CONSTRUCTION OF COURT.
1. General Statement. — But • in determining whether the answers by the insured in the application are warranties or representations, the court leans in favor of construing the policy as making them representations rather than warranties: and if a portion of the policy or application would indicate them to be warranties, but another portion of the application shows that they were tb be regarded as representations, the answers to these questions will not be regarded as warranted to be true. Schwarzbach v. Ohio, etc., Union, 25 W. Va. 623; Morotock Ins. Co. v. Fostoria Novelty Co., 94 Va. 361, 26 S. E. Rep. 850; Lynchburg Ins. Co. v. West, 76 Va. 575.
Because parties are not held to have entered into warranties unless they clearly so intend. Morotock Ins. Co. v. Fostoria Novelty Co., 94 Va. 361, 26 S. E. Rep. 850.
2. Misrepresentations —Though the policy be construed as not warranting the truth of the answers of the insured, yet if these answers to specific questions are misrepresentations, the policy will be avoided whether the court or jury regard the answers as material or not; for the parlies by putting and answering such questions have declared, that they regarded them as material. (P. 655.) Schwarzbach v. Ohio, etc,. Union, 25 W. Va. 623.
On an application to a second company for insurance as a "rejected risk” based upon and averring the truth of the statements in the application to the first companj^, failure to disclose the fact that sin ee rejection by the first company the applicant had been twice examined and rejected as unsound by the medical examiners of the second company is a breach of warranty contained in the application that no proposal or application to insure the . life of the applicant had ever been made to any company or agent upon which assured had been rejected, or upon which a policy had not been issued and received by him, and bars any recovery upon the policy. National Life Ass’n v. Hopkins, 97 Va. 167, 33 S. E. Rep. 539.
D. CONFLICT BETWEEN STATEMENTS IN APPLICATION AND PROOF OF LOSS. — If a life policy makes the statement of the application on which it is issued warranties, and such application states that the death of the father of the assured was caused by one disea.se, and the proof of loss made by the beneficiary and offered in evidence by him states that said death was caused by a different disease, on a demurrer to the evidence of the beneficiary, in an action against the insurance company, judgment should be given for the company. Metropolitan L. Ins. Co. v. Rutherford, 98 Va. 195, 35 S. E. Rep. 361.
IV. IN POLICIES OF FIRE INSURANCE.
A. DEFINITION AND NATURE OF A WARRANTY. — "An express warranty,” says May, quoting from 1 Arnouid Ins. § 577 “is a stipulation inserted in writing on the face of the policy, on the literal truth and fulfilment of which the validity of the entire contract depends. By a warranty the insured stipulates for the absolute truth of the statement made and the strict compliance with some promised line of conduct, upon penalty of forfeiture of his right to recover in case of loss should the statement prove untrue, or the course of conduct promised be unfulfilled. A warranty is an agreement iu the nature of a condition precedent, and, like that, must be strictly complied with.” This is the language of the decided cases, and of this court in Lynchburg Fire Ins. Co. v. West 76 Va. 575; Va. F. & M. Ins. Co. v. Morgan, 90 Va. 290, 18 S. E. Rep. 191.
B. MATERIALITY — Whether the fact stated or the act stipulated for be ma.teria.1 to the risk or not, is of no consequence, the contract being that the matter is as represented or shall be as promised; and unless it prove so, whether from fraud, mistake, negligence, or other cause, not proceeding from the insurer, or the intervention of law or the act of God. the insured can have no claim. "One of the very objects of the warranty is to preclude all controversy about the mateiiality or immateriality of the statement. If the warranty be a statement of facte it must be literally true; if. a *18 stipulation that a certain act shall or shall not be done, it must be literally performed.” May Ins. quoted and approved in Va. F. & M. Ins. Co. v. Morgan, 90 Va. 290, 18 S. E. Rep. 191.
C. INTENTION OF PARTIES — Whether a statement is a warranty or not depends upon the intention of the parties, as does the nature and effect of the warranty, when there is one, which is to be gathered from the language used and the subject matter to which it relates. Va. F. & M. Ins. Co. v. Morgan, 90 Va. 290, 18 S. E. Rep. 191.
Parties will not be held to have entered into a contract of warranty unless they clearly intended it, and if a policy is so framed as to redder it doubtful whether the parties intended that the exact truth of the applicants’ statements should be a condition precedent to any binding contract, that construction which imposes upon the assured the obligation of a warranty should not be favored. Morotock Ins. Co. v. Fostoria Co., 94 Va. 361, 26 S. E. Rep. 850; Lynchburg F. Ins. Co. v. West, 76 Va. 575.
D. AS AFFECTED BY STATUTE — In Virginia it has been provided by act of assembly approved February 26th, 1900, that no answer to any Interrogations made by an applicant for a policy of insurance shall bar the right to recover upon any policy issued upon such application, by reason of any warranty in said application or policy contained unless it be clearly proved that such answer was wilfully false or fraudulently made, or that it was material.
E. WARRANTY AND REPRESENTATION DISTINGUISHED. — A stipulation on the face of the policy, by the assured for the absolute truth of a statement, is awarranty In the nature of a condition precedent, and on its literal truth, or fulfilment the validity of the policy depends. A representation isa statement Incidental to the contract. If false, and material to the risk, whether wilful or by mistake, the policy is avoided. Lynchburg Fire Ins. Co, v. West, 76 Va. 575.
APPRENTICES.
Who May Bind, — A father may bind his- infant chjld apprentice by indentures to which the child is a parti’, but indentures of apprenticeship executed 1»y the father, without the child’s concurrence, are not only voidable, but void. Pierce v. Massenburg, 4 Leigh 493. See State v. Reuff, 29 W. Va. 751, 2 S. E. Rep. 801.
And overseers of the poor, under a proper order of the county court, may bind out cblldern within their j urisdictlon. Brewer v. Harris, 5 Gratt. 285.
Proceedings — Requirements of Statute. — A minor can only be bound as an apprentice by his father, or, if none, by his guardian, or, if neither father nor guardian, by his mother with the consent, entered óf record, of the county court of the county in which the minor resides ; or, without such consent, if the minor being fourteen years of age agree in writing to be so bound, or unless such minor be found begging in such county, or is likely to become chargeable thereto, and, if not so bound, the indentures of the apprenticeship are void. State v. Reuff, 29 W. Va. 751, 2 S. E. Rep. 801. See Code of Va., § 2581; Code of W. Va., p. 718.
■ Same — Under Order of Court — Appeal.—And, if infants are bound as apprentices pursuant to an-order of the county court, no appeal lies from such order. Cooper v. Saunders, 1 Hen. & M. 413. See Code 1887, § 2581.
Same — Same—Certiorari.—But, where, pursuant to an order of the county court, infants are bound apprentices, though there be no appeal from such order, a writ of certiorari lies to bring up the record and correct the proceedings. Cooper v. Saunders, 1 Hen. & M. 415.
The Contract — Parties—Remedies.—Where the indentures of apprenticeship contain covenants by the master in favor of the mother of the apprentices, and also in favor of the apprentices, but the latter are not parties to it, It is valid, and the remedies will be adapted to the case. Brewer v. Harris. 5 Gratt. 285.
Same — Same-Sufficient Execution. — Where th e order of court directs a child to be bound out by tbe overseers of tbe poor, and only one of the overseers executes the indenture it is sufficient. Brewer v. Harris, 5 Gratt. 285.
Same — Binding for Shorter Period. — And, when the statute directs that apprentices shall be bound out till they are eighteen years of age, a binding out till tbe age of seventeen is valid. Brewer v. Harris, 5 Gratt. 285.
Rights and Liabilities — ¡Tedicai Attendance, — A master of an apprentice is bound to pay for medical attendance on the apprentice, from the very nature of the relation between master and apprentice; and the father of the apprentice is only bound when the services have been rendered at his instance. Easley v. Craddock, 4 Rand. 423.
Same — Enticing Away. — Where a child is apprenticed without its concurrence, the contract being void, a party who entices the child away from Its master .is not liable in damages. Pierce v. Massenburg, 4 Leigh 493.
Actions — Proper Parties. —Covenant will not lie In in the name of the apprentice on the indenture of apprenticeship entered into by the overseers of the poor without any previous order of court for binding out the apprentice. Such indenture is not a statutory deed, and. therefore, covenant can only be maintained on it in the name of the overseers who are parties to it. Bullock v. Sebrell, 6 Leigh 560. See Poindexter v. Wilton, 3 Munf. 183.
Same — Same.—An action in behalf of an apprentice, upon his indenture of apprenticeship, should not be brought in the name of the overseer of the poor, butin his own name. Poindexter v. Wilton, 3 Munf. 183. See Bullock v. Sebrell, 6 Leigh 560.
Quaere — Removal—Legal Settlement. — If the apprentice is removed out of the county or corporation in which he was bound, can the court thereof direct the overseer of their poor to send for and bind him to another master ; and whether an apprentice so moved obtains legal settlement in the county wherein he is moved by remaining there twelve months during his apprenticeship? Cooper v. Saunders, 1 Hen. & M. 413.
F. DESCRIPTIVE EXPRESSIONS.-The expression in a policy, viz-, "a two-story frame building standing on leased ground 20x50 feet, also one story frame, 12x16 feet, occupied as a hardware store and dwelling, situated in the town of Antwerp. Clarion Co.. Pa.” is merely a description of the subject insured, and not a designation of the uses it should be put to, and is no warranty, within itself, that it should be so occupied, during the risk. Bryan v. Peabody Insurance Co., 8 W. Va. 605.
G. KINDS OF WARRANTIES.
1. Aiotirmative. — According to the authorities, warranties are of two kinds, viz.: (1) Affirmative, or warranties in presentí, as they are sometimes called, which affirms the existence of certain facts pertaining to the risk at the time of the insurance; an instance of this class is Va. Fire & Marine Ins Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973. There the insured, in answer to a question in the application, stated that a watchman slept on the premises at night. On the night of the fire the watchman was absent, but it was held that the policy was not *19 thereby avoided, because the answer related to the present, and not to the future — in other words, that the statement was manifestly intended as affirmance of the usual and existing state of things, and had nothing promissory as to the future. Va. F. & M. Ins. Co. v. Morgan, 90 Va. 290, 18 S. E. Rep. 191.
2. Continuing.-The second kind of warranty, continuing or promissory, is one which requires something to be done or omitted after the insurance takes effect, and during its continuance and if not complied with according to its terms avoids the contract. In the case at bar, the promise of the insured to keep his books in an iron safe or secure in another building falls within this category. The contract is express that the books would be thus safely kept; and If, as is admitted the promise has not been fulfilled, there can be no recovery. Va. F. & M. Ins. Co. v. Morgan, 90 Va. 290, 18 S. E. Rep. 191.
3 Construction of Court. — The rule is that the court never construes a warranty as promissory and continuing, if any other reasonable construction can be given. Va. F. & M. Ins. Co. v. Buck, 88 Va. 517, 13 S. E. Rep. 973.
H. APPLICATION MADE A PART OF POLICY.
I. General Statement. — It would seem, “that whenever the application is incorporated in the policy as a warranty, the warranty should be re garded as relating only to matters of which the assured had, or should be presumed to have had, some distinct, definite knowledge, and not as to such matters as depend wholly upon opinion and judgment. Staples, J., In Lynchburg F. Ins. Co. v. West, 76 Va. 575.
2. Contingent Right of Dower.- -If the application for a policy Is made a part of the policy, and is a warranty and covers the applicant’s interest in and title to the property, and his answer to the question “what is your title to or interest in the property to be insured?” is “fee simple.” Held, the fact that the wife of a former owner of the property who is still alive, has a contingent right of dower in it, does not affect the applicant’s interest in or title to the property. Nor is it such an incumbrance as, not being mentioned in his answer, Will be a breach of the warranty. If in such case the application is not a warranty, the failure to mention the existence of such a contingent right of dower, is not such a misrepresentation as will avoid the policy. Southern Mut. Ins. Co. v. Kloeber, 31 Gratt. 739; Virginia F. & M. Ins. Co. v. Kloeber, 31 Gratt. 749.
I. AGENT’S KNOWLEDGE IMPUTABLE TO THE PRINCIPAL. — The agent’s knowledge of the real condition and situation of the risk is imputable to the principal and estops the latter from setting up a warranty inconsistent therewith. Lynchburg Fire Ins. Co. v. West, 76 Va. 575.
K. BURDEN OF PROOF. — In an action upon a fire insurance policy the burden of proof is on the defendant to show a breach of affirmative warranties — mere statements of existing facts — by the plaintiff in his application for the insurance. It is not incumbent on the plaintiff to allege such warranties and aver their performance. They are not conditions precedent to his right of recovery. Morotock Ins. Co. v. Fostoria Novelty Co., 94 Va. 361, 26 S. E. Rep. 850.